UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RUSTY STRICKLAND, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF ARGRICULTURE, *et al.*, <br><br> *Defendants*. | Case No. 2:24-cv-00060-Z |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Defendants respectfully request a one-week extension of the deadline to respond to Plaintiffs' Motion for a Preliminary Injunction. *See* ECF Nos. 10-11. Under Local Rule CV-7.1(e), Defendants' deadline to respond to Plaintiffs' motion is currently Friday, April 26, 2024. The requested extension would move the deadline to May 3, 2024. Defendants' requested extension is supported by good cause.

Plaintiffs commenced this action on March 29, 2024, challenging USDA's administration of at least eight separate disaster relief programs from 2020 through the present.[1] One week later, Plaintiffs filed a motion for a preliminary injunction, seeking to

---

[1] *See* Notice of Funds Availability; 2021 Emergency Livestock Relief Program (ELRP) Phase 2 (ELRP 2021 Phase 2), 88 Fed. Reg. 66366 (Sept. 27, 2023); Notice of Funds Availability; Emergency Livestock Relief Program (ELRP) 2022 (ELRP 2022), 88 Fed. Reg. 66361 (Sept. 27, 2023); Notice of Funds Availability; Emergency Livestock Relief Program (ELRP), 87 Fed. Reg. 19465 (Apr. 4, 2022); Notice of Funds Availability; Emergency Relief Program 2022 (ERP 2022), 88 Fed. Reg. 74404 (Oct. 31, 2023); Notice of Funds Availability; Emergency Relief Program (ERP), (ERP 2021 Phase 1), 87 Fed. Reg. 30164 (May 18, 2022); Pandemic Assistance Programs and Agricultural Disaster Assistance Programs, 88 Fed. Reg. 1862 (Jan. 11, 2023); Notice of Funds Availability; American Rescue Plan Act of 2021

1

enjoin the administration of USDA's programs nationwide, Pls.' Mot. at 24, ECF No. 11.[2] To respond to Plaintiffs' request as formulated, Defendants will need to brief matters of constitutional, administrative, and appropriations law. Given the number and complexity of the issues presented and the broad relief that Plaintiffs request, Defendants submit that the standard response period provided under the local rules is insufficient to allow them to adequately coordinate with agency stakeholders and address these issues for the Court. A brief extension is therefore appropriate.

This short extension will not prejudice Plaintiffs. Plaintiffs' challenge concerns programs that were announced months—and, in several cases, years—ago. Indeed, the most recent program that Plaintiffs challenge was announced in October 2023. *See* 88 Fed. Reg. 66361; Compl. ¶ 125. The six months Plaintiffs waited to challenge that program—combined with the years that Plaintiffs waited to challenge the others—weighs heavily against any assertion that they will be prejudiced by an additional week's delay. *Wireless Agents, LLC. v. T-Mobile USA, Inc.*, No. 3:05-CV-0094-D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) ("Absent a good explanation, . . . a substantial period of delay . . . militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." (quotation omitted)); *Leaf Trading Cards, LLC v. Upper Deck Co.*, No. 3:17-CV-3200-N, 2019 WL 7882552, at *2 (N.D. Tex. Sept. 18, 2019) (collecting cases demonstrating that "courts generally consider anywhere from a three-month delay to a

---

Section 1005 Loan Payment, 86 Fed. Reg. 28329 (May 26, 2021); Subpart D—Pandemic Assistance Revenue Program (PARP) (codified at 7 C.F.R. § 9.302); Subpart A—Coronavirus Food Assistance Program 2 (CFAP 2) (codified at 7 C.F.R. § 9.201).

[2] "In the alternative, the Court can grant effective relief by enjoining Defendants or staying the programs in whole."

six-month delay enough to militate against issuing injunctive relief"). In light of the nature of Plaintiffs' allegations, Defendants should be given a reasonable opportunity to address the deficiencies of Plaintiffs' legal theories and present relevant arguments to the Court.

Plaintiffs are opposed to Defendants' requested extension, but have permitted Defendants to state the following:

> Plaintiffs do not consent to this motion, because they believe that any extension of time is prejudicial so long as irreparable harm is occurring. However, in the interest of professional courtesy, Plaintiffs acknowledge that the government's request for a 1-week extension is not unreasonable, given the number of issues at play in the complaint.

No previous extensions of time have been requested by Defendants in this matter and granting this brief extension will not impact any other deadlines yet to be set in the case.

Accordingly, Defendants respectfully request that the Court grant a one-week extension of their deadline to respond to Plaintiffs' motion for a preliminary injunction, such that Defendants will be permitted to file their response no later than May 3, 2024.

Dated: April 18, 2024         Respectfully submitted,

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              LESLEY FARBY
                              Assistant Branch Director

                              */s/ Faith E. Lowry*
                              FAITH E. LOWRY (TX Bar No. 24099560)
                              ALEXANDER V. SVERDLOV (NY Bar No. 4918793)
                              Trial Attorneys
                              U.S. Department of Justice
                              Civil Division, Federal Programs Branch
                              1100 L Street NW
                              Washington, D.C. 20530
                              Tel: (202) 305-2532
                              Fax: (202) 616-8470

E-mail: faith.e.lowry@usdoj.gov<br>
alexander.v.sverdlov@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on April 17, 2024, I conferred with counsel for Plaintiffs, Braden Boucek, via email regarding the relief requested in this motion, but we were unable to reach an agreement. Plaintiffs' position is as follows:

> Plaintiffs do not consent to this motion, because they believe that any extension of time is prejudicial so long as irreparable harm is occurring. However, in the interest of professional courtesy, Plaintiffs acknowledge that the government's request for a 1-week extension is not unreasonable, given the number of issues at play in the complaint.

    */s/ Faith E. Lowry*
    FAITH E. LOWRY
    Trial Attorney
    U.S. Department of Justice

## CERTIFICATE OF SERVICE

On April 18, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    */s/ Faith E. Lowry*
    FAITH E. LOWRY
    Trial Attorney
    U.S. Department of Justice