IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RUSTY STRICKLAND, <br> ALAN AND AMY WEST FARMS, <br> ALAN WEST, <br> AMY WEST, <br> DOUBLE B FARMS, LLC, and <br> BRYAN BAKER, <br>     Plaintiffs, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF AGRICULTURE, <br> THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, <br> ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, and <br> THE UNITED STATES OF AMERICA, <br>     Defendants. | Case No. 2:24-cv-60-Z |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO SUMMARY JUDGMENT BRIEFING**

Plaintiffs respectfully request that the Court grant leave to file a short sur-reply of 557 words attached to this Motion. The sur-reply covers only two issues raised for the first time in Defendants' summary judgment reply brief. ECF No. 44. Ordinarily, sur-replies "are heavily disfavored, and the decision to allow a sur-reply lies within the district court's discretion." *Ga. Firefighters' Pension Fund v. Anadarko Petro. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (internal quotation marks omitted). "But when a party raises new arguments or evidence for the first time

in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Id.* (holding that district court had abused its discretion in denying motion for sur-reply).

The Court should permit a sur-reply here because USDA raised for the first time in reply (1) the selective composition of the administrative record and (2) USDA's authority to claw back funds. Both topics require a sur-reply to explain the related legal standards and authority because USDA's brief explains neither. Plaintiffs respectfully submit that a sur-reply would help aid the Court in understanding the legal standards, statutes, and regulations relevant to USDA's new claims. In the alternative, the Court should decline to consider the new arguments raised by USDA in its reply brief. *See id.*

Defendants stated that they oppose the motion for leave to file a sur-reply via email on January 14, 2025, and requested that Plaintiffs include on their behalf USDA's "position that the Administrative Record was cited throughout our Motion for Summary Judgment and not raised for the first time in Reply; and that the single sentence in the remedy section regarding USDA's practical inability to clawback disbursed funds does not warrant a surreply."

Dated: <u>January 16, 2025</u>.

Respectfully submitted,

<u>/s/ Benjamin I. B. Isgur</u>
BRADEN H. BOUCEK
  Georgia Bar No. 396831
  Tennessee Bar No. 021399
BENJAMIN I. B. ISGUR
  Virginia Bar No. 98812
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA  30075
(770) 977-2131
bboucek@southeasternlegal.org
bisgur@southeasternlegal.org

        WILLIAM E. TRACHMAN
          Colorado Bar No. 45684
        Mountain States Legal Foundation
        2596 South Lewis Way
        Lakewood, Colorado 80227
        (303) 292-2021
        wtrachman@mslegal.org

        ED MCCONNELL
          Texas Bar No. 13442500
        Tormey & McConnell, LLC
        310 SW 6th Ave.
        Amarillo, TX 79101
        Tel. (806) 355-2700; Fax. (806) 355-4771
        ed@tmcattorneys.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This brief conforms to the requirements of Local Rule 7.2. It was prepared in 12-point Times New Roman Font. It is double-spaced and has margins that are at least one inch on all four sides. No text other than page numbers is in the margins.

Respectfully submitted,

/s/ Benjamin I. B. Isgur
BENJAMIN I. B. ISGUR

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Respectfully submitted,

/s/ Benjamin I. B. Isgur
BENJAMIN I. B. ISGUR