UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RUSTY STRICKLAND, *et al.*,<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>　　*Defendants*. | Case No. 2:24-cv-00060-Z |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SUR-REPLY**

Sur-replies are "highly disfavored" in the Northern District of Texas, "as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-CV-601-O, 2016 U.S. Dist. LEXIS 191482, 2016 WL 9244824, at *1 (N.D. Tex. June 6, 2016) (O'Connor, J.) (quoting *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (Lindsay, J.)). Despite having agreed to the four-brief cross-summary judgment schedule ordered by the Court, Plaintiffs now seek to have the final word on two issues: (1) whether the administrative record before the Court is sufficient to address Plaintiffs' challenge to the breakpoints in ERP 2022's progressive factoring payment calculation on the merits; and (2) to the extent the Court rules in Plaintiffs' favor on their challenges to the use of the socially disadvantaged farmer designation, whether a limited remand to recalculate Plaintiffs' disaster relief payments is sufficient to address their injuries or whether broader relief is appropriate, including ordering USDA to claw back and redistribute already-distributed disaster relief funds. Prop. Sur-reply at 2-3, ECF No. 45-1. Because Plaintiffs

have not identified any "exceptional or extraordinary circumstances" to justify a sur-reply, their motion should be denied. *Sw. Insulation, Inc.*, 2016 U.S. Dist. LEXIS 191482, 2016 WL 9244824, at *1.

Plaintiffs' proposed sur-reply first argues that "USDA's reply brief reveals that it did not submit the whole record." *See* Prop. Sur-reply at 2. But the scope of the current administrative record was not first raised in reply; rather, it was addressed directly in USDA's motion for summary judgment. *See* Defs.' MSJ at 14–16, ECF No. 38. There, USDA argued that changes made in the ERP 2022 progressive factoring breakpoints were not raised by the pleadings, were not final agency actions, and that "the decision to revise the payment breakpoints and percentages to bring the program within available funding limits was reasonable." *Id.* at 14. As part of its finality argument, USDA argued that "evaluating that alteration as its own final decision would require the examination of a separate record." Defs.' MSJ at 16. USDA further argued that to the extent the Court believes that this challenge was fairly raised by the pleadings, and that USDA's reasoning behind the payment structure is not discernible from the existing administrative record, USDA would be well-positioned to provide further explanation for that particular determination upon remand. *Id.* (citing *Aztec Gen. Agency v. FDIC*, 111 F.3d 893 (5th Cir. 1997) (per curiam) (if "the record before the agency does not support the agency's decision . . . or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional explanation")). USDA cited its motion for summary judgment in re-urging these points on reply. Defs.' Reply at 4, ECF No. 44 (citing Defs.' MSJ at 16).

Plaintiffs could have responded to this line of argument in their reply, but failed to do

so. USDA would be prejudiced by the consideration of new arguments at this late date. And importantly, this claim can be resolved on the current record. *See* Defs.' MSJ at 14–16; *see also* Defs.' Reply at 4. Because Plaintiffs have not pointed to any extraordinary circumstances justifying a sur-reply, leave should be denied.

Next, Plaintiffs seek leave to address in a sur-reply "the very end of USDA's reply brief" which they say "suggests that the agency does not believe it can recover illegally disbursed funds." Prop. Sur-reply at 2-3. But again, these issues were addressed in USDA's motion for summary judgment; if Plaintiffs wished to rely on the arguments raised in the proposed sur-reply, the time to do so was in their initial reply, not in a fifth summary judgment brief that gives Plaintiffs the final word.

Specifically, USDA argued in its motion for summary judgment that if Plaintiffs were to succeed on their challenges, all that would be required to address Plaintiffs' asserted injuries—both financial and stigmatic—is a limited remand order "directing the agency to recalculate Plaintiffs' payment amounts without the use of any classifications that the Court may find inappropriate." Defs.' MSJ at 32. That is, "[b]ecause Plaintiffs have not been wholly excluded from the programs they challenge and because funds to adjust their payments remain available, no broader relief is necessary." *Id.* at 33. Plaintiffs argued in response that "[i]t might make life more difficult for USDA to formulate new funding formulas, but race preferences can never be justified by mere administrative convenience"—placing logistical convenience at issue. Pls.' Reply at 21, ECF No. 43. In its closing brief, USDA reiterated the argument made in its motion for summary judgment, and also addressed the "administrative convenience" that Plaintiffs had raised. USDA argued,

> A remand directing the agency to merely recalculate Plaintiffs' payments would present far fewer logistical difficulties—and thus take far less time to

> complete—than an expansive remand requiring the agency to review and "formulate new funding formulas" for past programs—a laborious and likely futile endeavor given that the money from those programs has been distributed and expended, and USDA is not aware of a plausible mechanism by which it could seek to claw that money back.

Defs.' Reply at 15-16.

Plaintiffs' proposed sur-reply does not address the "logistical difficulties" raised by USDA's reply, and instead raises for the first time arguments related to statutory and equitable powers to claw back funds. Prop. Sur-reply at 2-3. To the extent Plaintiffs wanted to address the extent of the Court's power to order remedies beyond the named plaintiffs in this action, they could have and should have made those arguments in their initial reply. Their failure to do so has deprived USDA of the opportunity to respond. Thus, Plaintiffs' attempt to address these issues by sur-reply is improper.

In sum, all of the issues Plaintiffs seek to address in their proposed sur-reply, including the scope of the current administrative record and the Court's power to fashion remedies beyond the parties to this action, were raised in USDA's motion for summary judgment. And the arguments contained in Plaintiffs' proposed sur-reply are nonresponsive to the logistical concerns raised in USDA's reply—concerns that Plaintiffs put at issue in their response. Because Plaintiffs have not identified any exceptional circumstances justifying a sur-reply, their request for leave should be denied.

Dated: January 17, 2025                    Respectfully submitted,

                                                                    BRIAN M. BOYNTON
                                                                    Principal Deputy Assistant Attorney General

                                                                    LESLEY FARBY
                                                                    Deputy Branch Director

/s/ *Faith E. Lowry*
ALEXANDER V. SVERDLOV (NY Bar No. 4918793)
FAITH E. LOWRY (TX Bar No. 24099560)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-5581
Email: faith.e.lowry@usdoj.gov

*Counsel for Defendants*