IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RUSTY STRICKLAND, <br> ALAN AND AMY WEST FARMS, <br> ALAN WEST, <br> AMY WEST, <br> DOUBLE B FARMS, LLC, and <br> BRYAN BAKER, <br>     Plaintiffs, <br> <br> v. <br> <br> THE UNITED STATES DEPARTMENT OF AGRICULTURE, <br> THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, <br> ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, and <br> THE UNITED STATES OF AMERICA, <br>     Defendants. | Case No. 2:24-cv-60-Z |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs hereby respectfully request leave to submit this sur-reply. Defendants raise two new points in their reply brief on their motion for summary judgment: the completeness of the administrative record and USDA's inability to claw back illegally disbursed funds from recipients. This sur-reply briefly addresses each in turn to ensure the Court is presented with complete briefing.

First, USDA's reply brief reveals that it did not submit the whole record.[1] The APA requires that the Court base its decision on "the whole record." 5 U.S.C. § 706; *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("That review is to be based on the full administrative record that was before the Secretary at the time he made his decision."). Although an agency is entitled to a presumption that it did submit the whole record, USDA states that it did not do so. *See* Defs.' Reply Br., ECF No. 44, at 4; *see also Exxon Mobil Corp.*, 2018 U.S. Dist. LEXIS 233760, at *7 (citing *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981) (Higginbotham, J.)). And that is inappropriate: "An agency may not unilaterally determine what constitutes the administrative record." *Exxon Mobil Corp.*, 2018 U.S. Dist. LEXIS 233760, at *6–7; *see also*, *e.g.*, *Thompson v. United States Department of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *Bar MK Ranches v. Yuetter*, 994 F. 2d 735, 739 (10th Cir. 1993). USDA's reply brief states that it tailored this administrative record to the arguments raised in the Complaint rather than submitting the whole record. *See* ECF No. 44 at 4. The whole record should contain "*all* documents and materials *directly or indirectly* considered by agency decisionmakers," and per USDA, it does not. *See Exxon Corp.*, 91 F.R.D. at 33 (emphases added). The proper remedy to this is not to refuse to consider Plaintiffs' challenges. It is for the Court to order USDA to complete the record or for USDA to file a motion of its own to complete the record. *See Exxon Mobil Corp.*, 2018 U.S. Dist. LEXIS 233760, at *13 (ordering completion of the administrative record).

Second, the very end of USDA's reply brief suggests that the agency does not believe it can recover illegally disbursed funds. ECF No. 44 at 16. It can. Indeed, "[i]t is well established that the government, without the aid of a statute, may recover money it mistakenly, erroneously,

---

[1] Plaintiffs do not imply any bad faith on USDA's part, nor is that required under the law. *See Exxon Mobil Corp. v. Mnuchin*, Case No. 17-1930, 2018 U.S. Dist. LEXIS 233760, at *9 (N.D. Tex. June 26, 2018).

or illegally paid from a party that received the funds without right." *LTV Educ. Sys. v. Bell*, 862 F.2d 1168, 1175 (5th Cir. 1989). USDA has statutory requirements to comply with as well. *See* 31 U.S.C. § 3351(4) (defining improper payment to include payments made contrary to a "statutory, contractual, administrative, or other legally applicable requirement"); *see also* Congressional Research Service, Recouping Federal Grant Awards: How and Why Grant Funds Are Clawed Back, https://crsreports.congress.gov/product/pdf/R/R48243 (Oct. 21, 2024) (detailing mandatory requirements on clawing back improper payments and noting that agencies are usually required to do so). USDA is permitted to recover illegally disbursed funds at common law and may be statutorily required to do so.

Dated: January 16, 2025.                                        Respectfully submitted,

/s/ Benjamin I. B. Isgur
BRADEN H. BOUCEK
  Georgia Bar No. 396831
  Tennessee Bar No. 021399
BENJAMIN I. B. ISGUR
  Virginia Bar No. 98812
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA  30075
(770) 977-2131
bboucek@southeasternlegal.org
bisgur@southeasternlegal.org

WILLIAM E. TRACHMAN
  Colorado Bar No. 45684
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
wtrachman@mslegal.org

ED MCCONNELL
  Texas Bar No. 13442500
Tormey & McConnell, LLC

        310 SW 6th Ave.
        Amarillo, TX 79101
        Tel. (806) 355-2700; Fax. (806) 355-4771
        ed@tmcattorneys.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

This brief conforms to the requirements of Local Rule 7.2. It was prepared in 12-point Times New Roman Font. It is double-spaced and has margins that are at least one inch on all four sides. No text other than page numbers is in the margins.

Respectfully submitted,

/s/ Benjamin I. B. Isgur
BENJAMIN I. B. ISGUR

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Respectfully submitted,

/s/ Benjamin I. B. Isgur
BENJAMIN I. B. ISGUR