## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

RUSTY STRICKLAND, *et al.*,

    Plaintiffs,

v.

THE UNITED STATES DEPARTMENT
OF AGRICULTURE, *et al.*,

    Defendants.

No. 2:24-cv-60-Z

## JOINT STATUS REPORT

Pursuant to this Court's March 31, 2025 Order, ECF No. 60, the parties respectfully submit the following separate positions regarding proposed next steps in this case.

### I.  Plaintiff's Position

In Plaintiffs' view, remand of the eight challenged programs in this case is inevitable. USDA no longer defends the constitutionality of the race and sex discrimination in them. The only open question is what results are appropriate for USDA to reach on remand to cure the equal protection violations. USDA believes that it is not able to claw back funds and that funding for the challenged programs has either expired or is insufficient to equalize the payments made under the challenged programs. Plaintiffs believe that USDA must fully remedy the outstanding equal protection violations consistent with the Constitution. If the Court does not resolve this dispute now, it will likely need to when USDA returns from remand having failed to cure the equal protection injury inflicted by the challenged programs. *See Sessions v.*

1

*Morales-Santana*, 582 U.S. 47, 72 (2017) ("[W]hen the 'right invoked is that to equal treatment,' the appropriate remedy is a mandate of equal treatment, a result that can be accomplished by withdrawal of benefits from the favored class as well as by extension of benefits to the excluded class." (quoting *Heckler v. Mathews*, 465 U. S. 728, 740 (1984))).

USDA's objection to providing effectual relief outside of Plaintiffs misses the point. The way to cure Plaintiffs' injuries is to rework the challenged programs to be lawful. Doing so is the only way to cure Plaintiffs' injuries and the fact that it will assist other, similarly-situated farmers who were also discriminated against changes nothing. *See* ECF No. 43 at 18–22 (explaining that relief cannot be limited to the parties here); *see also Career Colls. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024) (explaining § 706 of the APA "is not party restricted"). And it is the only way for USDA to comply with Executive Order 14148, the Order that initially spurred negotiations between the parties. *See Initial Recissions of Harmful Executive Orders and Actions*, 90 Fed. Reg. 8237 (Jan. 20, 2025) (directing a review of all Federal Government actions and requiring "necessary steps to rescind, replace, or amend such actions as appropriate").

Should Plaintiffs remain injured following the remand, they will require this Court's intervention. Plaintiffs are willing to agree to a voluntary remand in which the Court retains jurisdiction over the action with a deadline of September 30, 2025. Plaintiffs propose that the parties agree to a voluntary remand and make the Court aware of the dispute between the parties about appropriate remedies. Plaintiffs suggest

that, at the Court's discretion, the parties brief the Court on the question of what a remedy to the equal protection injury requires from USDA.

As this Court correctly noted, Plaintiffs did not seek damages, they sought remand. *See* ECF No. 26 at 20. Plaintiffs thus anticipate rejecting USDA's FRCP 68 offer.

Finally, in Plaintiffs' view, moving forward on litigation over progressive factoring, the system USDA used in ERP 2022 to provide proportionally less relief to farmers with greater losses, is unnecessary for two reasons. First, seven of the eight challenged programs do not include progressive factoring and so can be remanded regardless. Second, if ERP 2022 were remanded, that provides an adequate remedy to Plaintiffs challenge to progressive factoring. If, following remand, Plaintiffs believe that USDA's implementation of progressive factoring still violates the APA, Plaintiffs reserve the right to raise that challenge to the Court. Litigating over whether to remand ERP 2022 due to progressive factoring when ERP 2022 already needs to be remanded to cure the equal protection violations makes little sense from Plaintiffs' perspective.

## II. Defendants' Position

As noted in the parties' February 10, 2025 joint filing, the U.S. Department of Justice has determined that the U.S. Department of Agriculture ("USDA") programs at issue in this case are unconstitutional to the extent they include preferences based on race and sex. *See* Resp. to Court's Jan. 27, 2025 Order at 1, ECF No. 52. USDA has independently determined that it will no longer employ the race- and sex-based "socially disadvantaged" designation to provide increased benefits based on race and sex in the programs at issue in this case. *See id.*

USDA is committed to resolving this matter and providing full relief to the six Plaintiffs in this case related to their claims regarding the "socially disadvantaged" designation. As previously explained, Plaintiffs' sole alleged injury in the complaint is financial loss. *See* Defs.' Reply Br. in Supp. of Summ. J. at 12–16, ECF No. 44 ("Defs.' MSJ Reply"). Thus, pursuant to Federal Rule of Civil Procedure 68, USDA expects to make an offer of judgment to Plaintiffs within fourteen days to compensate Plaintiffs for their alleged financial loss.

In addition, USDA is open to a voluntary remand to reconsider the challenged programs. *See* Defs.' MSJ Reply at 12–16 (explaining that remand would be an appropriate remedy for Plaintiffs' claim challenging the socially disadvantaged designation). During that remand, USDA is willing to take any available and necessary administrative steps to no longer use the race- and sex-based "socially disadvantaged" designation in the challenged programs. USDA is open to setting a remand deadline of September 30, 2025, with the understanding that the deadline may need to be further extended thereafter.

While USDA is willing to provide relief to the six Plaintiffs in this case, and to remand the challenged programs to remove the use of "socially disadvantaged" designations moving forward, USDA is unable to commit to providing relief on remand that extends past the six Plaintiffs in this case. Preliminarily, "remedies must be 'tailored to redress' a plaintiff's injury," *Texas v. United States*, 126 F.4th 392, 420 (5th Cir. 2025) (quoting *Gill v. Whitford*, 585 U.S. 48, 73 (2018)), and Plaintiffs provide no authority for requiring compensation for non-party producers who may have received funds under the challenged programs, *see also Missouri v. Biden*, 83 F.4th 350,

4

394 (5th Cir.), *rev'd and remanded on other grounds sub nom. Murthy v. Missouri*, 603 U.S. 43 (2024) ("This requirement that a 'plaintiff's remedy must be tailored to redress the plaintiff's particular injury' is in recognition of a federal court's 'constitutionally prescribed role . . . to vindicate the individual rights of the people appearing before it,' not 'generalized partisan preferences.'" (quoting *Gill*, 585 U.S. at 72–73)).

In any event, USDA is unable to administratively increase all non-socially disadvantaged producers to the socially disadvantaged level, as there are insufficient funds remaining in the programs to do so. Moreover, several of the funding sources for the challenged programs have expired. *See* Defs.' Combined Mot. for Summ. J. & Opp. to Pls.' Mot. for Summ. J. at 4, ECF No. 38 ("Defs.' MSJ") (quoting Decl. of Zachary Wayne Ducheneaux ¶¶ 77–79, 94, ECF No. 21-1); PI Order at 22, ECF No. 26 (acknowledging that most of the challenged programs have closed and declining to order relief with respect to those closed programs). For programs with expired funding sources, new obligations are not permitted. *See* Defs.' MSJ at 4. Nor can USDA "claw back" funds previously awarded to socially disadvantaged producers in order to reallocate program funds. Statutory and regulatory authority provide that such payments are considered final and can be retained by the recipient after 90 days, with only certain exceptions not relevant here. *See* 7 U.S.C. § 7001(a); 7 C.F.R. § 718.306. Moreover, in practice it is likely that most producers have already spent such payments, and there thus remains no funds to "claw back."

Should the parties fail to reach agreement on the terms of a voluntary remand, Defendants intend to move forward with litigation on Plaintiffs' remaining claims challenging USDA's use of progressive factoring in ERP 2022. As this Court held,

USDA's use of progressive factoring in ERP 2022 is not arbitrary and capricious and does not implicate the major questions doctrine. PI Order at 8–9.

Dated: April 10, 2025                    Respectfully submitted,

                                         YAAKOV M. ROTH
                                         Acting Assistant Attorney General
                                         Civil Division

                                         LESLEY FARBY
                                         Deputy Branch Director

                                         */s/ Cassandra M. Snyder*
                                         CASSANDRA M. SNYDER
                                         Bar No. 1671667
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street NW
                                         Washington, D.C. 20005
                                         (202) 451-7729
                                         cassandra.m.snyder@usdoj.gov

                                         *Counsel for Defendants*


                                         */s/ Benjamin I. B. Isgur*
                                         BRADEN H. BOUCEK
                                           Georgia Bar No. 396831
                                           Tennessee Bar No. 021399
                                         BENJAMIN I. B. ISGUR
                                           Virginia Bar No. 98812
                                         Southeastern Legal Foundation
                                         560 W. Crossville Road, Suite 104
                                         Roswell, GA 30075
                                         (770) 977-2131
                                         bboucek@southeasternlegal.org
                                         bisgur@southeasternlegal.org

                                         WILLIAM E. TRACHMAN
                                           Colorado Bar No. 45684
                                         Mountain States Legal Foundation
                                         2596 South Lewis Way
                                         Lakewood, Colorado 80227

6

(303) 292-2021
wtrachman@mslegal.org

ED MCCONNELL
  Texas Bar No. 13442500
Tormey & McConnell, LLC
310 SW 6th Ave.
Amarillo, TX 79101
Tel. (806) 355-2700; Fax. (806) 355-4771
ed@tmcattorneys.com

*Attorneys for Plaintiffs*