# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| RUSTY STRICKLAND, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>  Defendants. | No. 2:24-cv-60-Z |

## JOINT MOTION FOR VOLUNTARY REMAND

Pursuant to this Court's April 25, 2025, Order, ECF No. 63, the parties respectfully submit the following joint motion for voluntary remand. The parties request that this Court set a remand deadline of September 30, 2025, with the understanding that the parties may need to further extend that deadline, and that the Court retain jurisdiction over the case. USDA intends to revise the challenged programs to cure the race and sex discrimination that the agency no longer defends. *See* Joint Letter of February 10, 2025, at 3, ECF No. 52 (stating USDA will no longer defend the merits of the race and sex discrimination in the challenged programs); *see also* Memorandum Opinion and Order, ECF No. 26 (issuing preliminary injunction against USDA's use of "socially disadvantaged" designation in Emergency Relief Program 2022). Finally, as the parties discussed in their Joint Status Report on April 10, 2025, the only remaining disagreement between the parties is about what results USDA will reach on remand. *See generally* ECF No. 61. As explained there, the parties disagree whether the remedy to USDA's constitutional violation should be limited to

1

the six plaintiffs in this case. *See id.* at 2 (Plaintiffs' statement); *id.* at 4–5 (Defendants' statement).[1]

## I. Legal Basis for Voluntary Remand and Retention of Jurisdiction

Voluntary remand is appropriate here because USDA has "profess[ed] [its] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Franciscan All., Inc. v. Price*, No. 7:16-CV-00108-O, 2017 WL 3616652, at *3 (N.D. Tex. July 10, 2017) (quoting *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017)). In general, "an administrative agency has the inherent authority to reconsider its decisions." *Macktal v. Chao*, 286 F.3d 822, 825–26 (5th Cir. 2002) (citations omitted); *see also ConocoPhillips Co. v. EPA*, 612 F.3d 822, 832 (5th Cir.2010) ("Embedded in an agency's power to make a decision is its power to reconsider that decision."). The Fifth Circuit has thus recognized that an agency may remand for reconsideration of a challenged action as long as the remand request is timely and reconsideration itself "would [not] be arbitrary, capricious, or an abuse of discretion." *ConocoPhillips Co.*, 612 F.3d at 832; *see also Franciscan All., Inc.*, 2017 WL 3616652, at *3 ("[C]ourts retain discretion to remand an agency decision, provided the agency has raised substantial and legitimate concerns in support of remand."). Because the agency is interested in reworking the challenged programs, the parties agree that voluntary remand is appropriate and that neither party will be prejudiced.

Although Defendants do not believe that it is necessary for the Court to retain jurisdiction over this case while USDA reconsiders the challenged programs on

---

[1] Although the Court has declined to entertain briefing on the scope of the remand, Plaintiffs continue to believe that any remand that does not undo USDA's past discrimination will be insufficient to satisfy the APA.

remand, the parties have agreed in the interest of efficient resolution that the Court may retain jurisdiction here. In particular, the parties agree that the Court may retain jurisdiction in order to ensure that the time limit imposed on remand is respected and to allow the parties efficient recourse should Plaintiffs be unsatisfied with the result of the remand. *See Lewis v. United States*, Case No. 18-1838, 2020 U.S. Dist. LEXIS 198326, at *10 (E.D. La. Oct. 26, 2020) (contrasting the appropriateness of time limits and retaining jurisdiction with inappropriate remand orders that direct specific methods or conclusions).

Accordingly, the parties respectfully request that the Court remand the challenged programs to USDA to cure their admitted constitutional defects. The parties request that the Court retain jurisdiction and set a deadline for USDA to finalize its reconsideration by September 30, 2025, with the understanding that the parties may request additional time if necessary.[2] The parties shall file a joint status report within fourteen days of USDA's final reconsideration of the programs.

Dated: May 9, 2025                     Respectfully submitted,

                                             YAAKOV M. ROTH
                                             Acting Assistant Attorney General
                                             Civil Division

                                             LESLEY FARBY
                                             Deputy Branch Director

                                             */s/ Cassandra M. Snyder*
                                             CASSANDRA M. SNYDER
                                             Bar No. 1671667
                                             Trial Attorney
                                             United States Department of Justice

---

[2] The parties agree that the preliminary injunction may remain in place during the course of the remand.

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 451-7729
cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*


*/s/ Benjamin I. B. Isgur*
BRADEN H. BOUCEK
  Georgia Bar No. 396831
  Tennessee Bar No. 021399
BENJAMIN I. B. ISGUR
  Virginia Bar No. 98812
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA 30075
(770) 977-2131
bboucek@southeasternlegal.org
bisgur@southeasternlegal.org

WILLIAM E. TRACHMAN
  Colorado Bar No. 45684
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
wtrachman@mslegal.org

ED MCCONNELL
  Texas Bar No. 13442500
Tormey & McConnell, LLC
310 SW 6th Ave.
Amarillo, TX 79101
Tel. (806) 355-2700; Fax. (806) 355-4771
ed@tmcattorneys.com

*Attorneys for Plaintiffs*