IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RUSTY STRICKLAND, *et al.*, | |
| Plaintiffs, | |
| v. | 2:24-CV-060-Z |
| THE UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is parties' Joint Motion for Voluntary Remand ("Motion"), filed May 9, 2025. ECF No. 65. Parties request the Court remand the challenged programs to the United States Department of Agriculture ("USDA"), as USDA "intends to revise the challenged programs to cure the race and sex discrimination that the agency no longer defends." *Id.* at 1. The parties "request that this Court set a remand deadline of September 30, 2025, with the understanding that the parties may need to further extend that deadline, and that the Court retain jurisdiction over the case." *Id.* The only remaining disagreement between parties is about what results USDA will reach upon remand. *Id.*

As the parties correctly discuss, voluntary remand is appropriate in the instant case because USDA has "profess[ed] [its] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." ECF No. 65 at 1–2; *Franciscan All., Inc. v. Price*, No. 7:16-CV-108, 2017 WL 3616652, at *3 (N.D. Tex. July 10, 2017) (quoting *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017)); *see also ConocoPhillips Co. v. U.S. E.P.A.*, 612 F.3d 822, 832 (5th Cir. 2010) ("Embedded in an agency's power to make a decision is its power to reconsider that decision."). The decision of whether to grant a motion to remand "is left to the discretion of the court," although it is

often preferable to "allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources." *Id.* (quoting *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) and *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 n.3 (D.C. Cir. 1993)). Voluntary remand to USDA is unopposed and appropriate here.

Further, the parties "have agreed in the interest of efficient resolution that the Court may retain jurisdiction" over the case in order to "ensure that the time limit imposed on remand is respected and to allow the parties efficient recourse should Plaintiffs be unsatisfied with the result of the remand." ECF No. 65 at 2–3. Though not very common, various district courts have exercised their discretion to retain jurisdiction over cases even where a request for voluntary remand to an agency is granted. *See, e.g., Friends of Animals v. Williams*, 628 F. Supp. 3d 71, 85 (D.D.C. 2022) ("Accordingly, the Court will retain jurisdiction over this case and order [the agency] to proceed with the remand according to its proposed schedule."); *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 1:16-CV-307, 2016 WL 8673038, at *13 (E.D. Cal. Dec. 16, 2016) ("The Court will retain jurisdiction over this matter."); *Greater Yellowstone Coal. v. U.S. E.P.A.*, No. 4:12–CV–060, 2013 WL 1760286, at *5 (D. Idaho Apr. 24, 2013) (retaining jurisdiction following voluntary remand to "ensure a timely remand process and to allow the parties to challenge any new [agency] decision in this case"); *Friends of Park v. Nat'l Park Serv.*, No. 2:13–CV–3453, 2014 WL 6969680, at *4 (D.S.C. Dec. 9, 2014) (retaining jurisdiction following voluntary remand to "ensure compliance" with the regulation alleged to have been violated).

After considering the relevant briefing, law, and arguments, the parties' Motion seeking remand to USDA is **GRANTED**. The Court retains jurisdiction over the case during the pendency of the remand and, during this period, **STAYS** all proceedings and deadlines in the instant case.

The Court further **ORDERS** USDA to finalize its reconsideration of the challenged programs **on or before September 30, 2025**. Should the parties wish to extend this deadline, they must file the appropriate motion before this Court. The Court further **ORDERS** parties to file a joint status report **within fourteen days** of USDA's final reconsideration of the challenged programs, containing a proposal of how the Court should proceed if necessary.

**SO ORDERED**.

May 15, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE